UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

KEITH TYRONE CUMMINGS,

          Plaintiff,          Case No. 2:13-cv-224

v.          Honorable R. Allan Edgar

BUREAU OF HEALTH CARE, et al.,

          Defendants.
_____/

**OPINION GRANTING MOTION TO
REVOKE *IN FORMA PAUPERIS* STATUS - THREE STRIKES**

Plaintiff Keith Tyrone Cummings, a prisoner incarcerated at Baraga Maximum Correctional Facility (AMF), filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff was initially granted leave to proceed *in forma pauperis*. However, Defendants have now filed a motion to revoke pauper status, asserting that Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). It appears that Defendants are correct. The Court will order Plaintiff to pay the $400.00 civil action filing fee applicable to those not permitted to proceed *in forma pauperis* within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is dismissed, Plaintiff will be responsible for payment of the $400.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan. In at least three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that they were frivolous, malicious, and or failed to state a claim. *See*; *Cummings v. Ventocilla*, No. 1:11-cv-365 (W.D. Mich. June 30, 2011); *Cummings v. Mason*, No. 1:11-cv-649 (W.D. Mich. July 13, 2011); *Cummings v. Janczewski*, No. 2:11-cv-10570 (E.D. Mich. Nov. 23, 2011).

The court notes that the dismissal in *Cummings v. Janczewski*, No. 2:11-cv-10570 was "without prejudice," and that the court for the Eastern District of Michigan did not specify whether Plaitiff's allegations were frivolous or failed to state a claim. However, the court specifically stated that the complaint was being dismissed pursuant to 28 U.S.C. § 1915(e)(2), which provides that notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue; or the action or appeal is frivolous or malicious; fails to state a claim on which relief may be

granted; or seeks monetary relief against a defendant who is immune from such relief. The court then stated:

> Even taking the complaint in the light most favorable to Cummings, and allowing for his status as a pro se litigant, his complaint cannot overcome § 1915(e)(2)'s screening requirement. Cummings has neither presented a federal question for the Court, nor pled an alternative basis for jurisdiction such as diversity of citizenship, which would give the Court the power to hear the case. It is also exceedingly unlikely that Cummings' libel claim has any substantive merit.

*See Cummings v. Janczewski*, No. 2:11-cv-10570, Defendants' Exhibit A, p. 5 of 6, docket #27-2. Based on the above, it is clear that the reason the court dismissed Plaintiff's complaint in *Cummings v. Janczewski*, No. 2:11-cv-10570 was that it was frivolous and/or failed to state a claim.

Moreover, Plaintiff's allegations do not fall within the exception to the three-strikes rule because he does not allege any facts establishing that he is under imminent danger of serious physical injury. In his complaint, Plaintiff claims that he is being denied medical treatment for his Hepatitis C, as well as his knee pain. However, Plaintiff fails to specifically allege what injry, if any, he has suffered as a result of this denial. Where a prisoner has disputed the adequacy of medical treatment for a period of years but fails to allege any serious injury in other than a conclusory fashion, he has failed sufficiently to allege imminent danger. *See Sweatt v. Tennessee Dep't of Corrections*, No. 00-5874, 2001 WL 128357, at *1 (6th Cir. Feb. 6, 2001).

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Therefore, the court will grant Defendants' motions to revoke pauper status (docket #26). Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $400.00. When Plaintiff pays his filing fee, the Court will

screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c).  If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $400.00 filing fee.


Dated:    7/11/2014                             /s/ R. Allan Edgar
                                                R. Allan Edgar
                                                United States District Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**